UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| **ERIC FAUBEL, DEVEON SMITH and TRINITY UPPOLE, individually and on behalf of all other similarly situated individuals,**<br><br>            **Plaintiffs,**<br><br>vs.<br><br>**GROGG'S HEATING & AIR CONDITIONING, INC.**<br>**588 Harris Hwy**<br>**Parkersburg, WV 26101**<br><br>            **Defendant.** | **CASE NO.:**   Civil Action No. 2:17-cv-02410<br><br>**Judge**<br>**Magistrate Judge**<br><br>**<u>COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND</u>**<br><br>Widman & Franklin, LLC<br>Kera L. Paoff (12643)<br>405 Madison Ave., Suite 1550<br>Toledo, Ohio  43604<br>Ph.: (419) 243-9005<br>Fax: (419) 243-9404<br>Kera@wflawfirm.com<br>**Attorneys for Plaintiffs** |

## INTRODUCTION

1. This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendant's failure to pay wages and overtime compensation due to Plaintiffs and other similarly situated individuals in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

2. This action is brought pursuant to the opt-in collective action provisions of the Fair Labor Standards Act.  This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in" class action.

## JURISDICTION AND VENUE

3. This Court has federal subject matter jurisdiction over this case under the provisions of 28 U.S.C. § 1331 because it asserts claims arising under federal law – FLSA.

4. Venue is properly laid in the Southern District of West Virginia under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Wood County, West Virginia and Defendant conducts substantial business within this District.

## PARTIES

5. Plaintiff, Eric Faubel ("Faubel"), is an individual residing in the Township of Boardman, County of Mahoning, Ohio. Faubel worked for Defendant in early February 2017 as an Installer.

6. Plaintiff, Deveon Smith ("Smith"), is an individual residing in the City of Parkersburg, County of Wood, West Virginia. Smith worked for Defendant from approximately April of 2012 to September of 2015 as an Installer.

7. Plaintiff, Trinity Uppole ("Uppole"), is an individual individual residing in the city of Washington, County of Wood, West Virginia. Uppole worked for Defendant from approximately April of 2015 to November of 2015 as an Installer.

8. Defendant, Grogg's Heating & Air Conditioning, Inc. ("Defendant"), is a domestic corporation. Defendant maintains offices in Parkersburg, West Virginia and Clarksburg, West Virginia, and its principle location is in the Parkersburg office. At all times relevant to this Complaint, Defendant employed Faubel, Smith and Uppole (collectively referred to herein as "Named Plaintiffs").

9. At all times relevant to this Complaint, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

10. Named Plaintiffs bring this action on their own behalf and on behalf of all other similarly situated employees of Defendant, present and former, who were and/or are affected by the actions, pay schemes, policies and procedures of Defendant as described herein.

11. In addition, Plaintiffs bring this action in their individual capacities, separate and apart from the collective action claims set forth herein.

## GENERAL BACKGROUND

12. Defendant is an HVAC company performing both residential and light commercial installation, service, and repair.

13. Named Plaintiffs were employed in non-exempt positions and were regularly required to perform compensable work during unpaid "meal breaks".

14. The putative class members were also employed by Defendant in non-exempt positions and were regularly required to perform compensable work during unpaid "meal breaks".

15. All non-exempt employees of Defendant are subjected to automatic "meal break" deductions where Defendant's payroll policies and practices automatically deduct 30 minutes from each non-exempt employee's time card for each day regardless of whether the employee performed compensable work.

16. Named Plaintiffs and other putative class members are required to clock in at the beginning of their shift and clock out at the end of their shift. Defendant then automatically deducts the "meal break" from the Named Plaintiffs' and other putative class members' time.

17. Named Plaintiffs and other putative class members were required to perform, and did perform, compensable work during their uncompensated "meal breaks".

18. Defendant does not ensure that Named Plaintiffs and the putative class members were completely relieved of their work duties during their uncompensated "meal breaks."

19. Defendant does not prohibit Named Plaintiffs and other putative class members from working during their "meal breaks" and routinely suffers or permits Named Plaintiffs and other putative class members to perform compensable work.

20. Defendant fails to ensure that unauthorized work is not being performed by Named Plaintiffs and other putative class members during the uncompensated break time.

21. To the contrary, when Named Plaintiffs and/or other putative class members informed Defendant that they did not take a meal break, and performed compensable work during that time, Defendant refused to accept the employee's adjusted time cards or reverse the automatic deduction.

22. Defendant also demanded that Named Plaintiffs and other putative class members stop reporting missed meal breaks because they "would not be compensated for them anyway" or words to that effect.

23. Given the demands and time frames for performing HVAC work, Defendant knows that Named Plaintiffs and other putative class members have to work through their "meal breaks" to get the work done.

24. Defendant has a policy and practice of not compensating Named Plaintiffs and the putative class members for all hours worked.

25. Therefore, Defendant has unlawfully withheld wages, including minimum wages and overtime wages, to Named Plaintiffs and members of the putative class.

26. Some evidence reflecting the number of uncompensated hours worked by each putative class member and his or her compensation rates is in the sole possession of Defendant.

27. Named Plaintiffs cannot state with specificity the exact amount of damages to themselves or the class but estimate that each putative class member is owed at least 1 hour of overtime compensation for each week worked for Defendant.

## **FLSA COLLECTIVE ACTION**

28. Named Plaintiffs bring their FLSA collective action claims on behalf of themselves and all other similarly situated employees as follows:

    a. All persons employed by Defendant from three years preceding the filing of this lawsuit through the culmination of this litigation and whose pay was subject to an automatic meal break deduction.

    b. This definition includes installers, lead installers, and other non-exempt employees performing HVAC work for Defendant.

29. Named Plaintiffs bring their FLSA collective action claims under 29 U.S.C. § 216(b) of the Fair Labor Standards Act. Named Plaintiffs and the putative class members are similarly situated in that they have been or are employed in the same positions; they were or are subject to the same or similar unlawful practices, policy or plan of Defendant not paying them proper compensation; and their claims are based upon the same legal theory.

## COUNT ONE
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## ON BEHALF OF PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED INDIVIDUALS
## COLLECTIVE ACTION ALLEGATIONS

30. Defendant has a policy and practice of refusing to pay Named Plaintiffs and other similarly situated employees for all hours worked in violation of the Fair Labor Standards Act.

31. Defendant's policy and practice resulted and continues to result in Named Plaintiffs and other similarly situated employees receiving compensation below the statutory minimum wage.

32. Defendant's policy and practice denied and continues to deny Named Plaintiffs and other similarly situated employees from receiving payment of the overtime premium for all hours worked in excess of forty hours in a work week.

33. Based on the foregoing, Defendant's conduct in this regard was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

34. Named Plaintiffs and all other similarly situated employees who opt into this litigation are entitled to compensation for all hours worked, including minimum wages, overtime hours worked, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

## DEMAND FOR RELIEF

**WHEREFORE,** Named Plaintiffs claim, individually and on behalf of all other similarly situated as follows:

1. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

2. An award of unpaid minimum wages under the FLSA;

3. An award of unpaid overtime wages under the FLSA;

4. An award of liquidated damages under the FLSA;

5. Interest;

6. Attorneys' fees and costs under the FLSA; and

7. Such other relief as in law or equity may pertain.

Respectfully submitted,

*s/Kera L. Paoff*
Kera L. Paoff (12643)
Widman & Franklin, LLC
405 Madison Avenue, Suite 1550
Toledo, Ohio 43604
Ph: 419.243.9005
Fax: 419.243.9404
Attorney for Plaintiffs

**PLAINTIFF DEMANDS TRIAL BY JURY.**

*s/Kera L. Paoff*
Kera L. Paoff (12643)