# SETTLEMENT AGREEMENT, GENERAL RELEASE AND WAIVER OF CLAIMS

This Settlement Agreement, General Release and Waiver of Claims (the "Agreement") is entered into by and between Plaintiffs Eric Faubel, Deveon Smith, and Trinity Uppole ("Plaintiffs"), and Defendant Grogg's Heating & Air Conditioning, Inc. ("Defendant"), collectively referred to as the "Parties."

**WHEREAS**, Plaintiffs filed a Complaint against Defendant in the United Stated District Court for the Southern District of West Virginia, Civil Action No.: 2:17-cv-02410 (the "Civil Action"), in which they asserted individual claims and a collective action on behalf of similarly situated individuals under the Fair Labor Standards Act ("FLSA");

**WHEREAS**, Defendant denies liability for any and all claims asserted by Plaintiffs in the Civil Action;

**WHEREAS**, Plaintiffs and Defendant desire to fully and amicably resolve and settle any and all claims arising out of the Civil Action, as well as any and all disputes that may exist between them to date;

**NOW, THEREFORE**, in consideration of the mutual promises contained herein, it is agreed as follows:

**1.    Releasees**

As used in this Agreement, "Releasees" shall mean Grogg's Heating & Air Conditioning, Inc., and its direct and indirect parents, successors, direct and indirect subsidiaries, and affiliated companies and entities; and each of the foregoing companies' and entities' respective divisions, officers, directors, shareholders, partners, limited partners, agents, employees, representatives, independent contractors, payroll companies, attorneys, insurers, reinsurers, licensees and assigns, past and present.

**2.    No Admission of Liability**

This Agreement shall not in any way be construed as an admission by Defendant that it or any of the Releasees acted wrongfully or failed to act lawfully with respect to Plaintiffs, or any other person, or that Plaintiffs have any rights whatsoever against Defendant or any of the Releasees. Defendant specifically disclaims any liability for any wrongful acts or omissions against Plaintiffs or any other person, on the part of itself, its employees and agents, past and present, or any of the Releasees. Neither this Agreement nor anything in it shall be admissible in any proceeding as evidence of any unlawful or wrongful conduct by Defendant or any of the Releasees.

**3.    Consideration by Defendant**

(a)    Defendant agrees to pay Plaintiffs a total of Five Thousand, Five Hundred Dollars

($5,500.00), to be distributed as follows:

       (i)    A check in the amount of Fifty Dollars ($50.00) made payable to Eric Faubel for all alleged wage damages, subject to all applicable federal, state, and local deductions and withholdings required by law, to be reported on IRS Form W-2.

       (ii)    A check in the amount of Two Thousand Dollars ($2,000.00) made payable to Deveon Smith for all alleged wage damages, subject to all applicable federal, state, and local deductions and withholdings required by law, to be reported on IRS Form W-2.

       (iii)    A check in the amount of One Thousand Dollars ($1,000.00) made payable to Trinity Uppole for all alleged wage damages, subject to all applicable federal, state, and local deductions and withholdings required by law, to be reported on IRS Form W-2.

       (iv)    A check in the amount of Two Thousand Four Hundred Fifty Dollars ($2,450.00) made payable to Plaintiffs' attorneys, Widman & Franklin, LLC, to be reported for both the firm and Plaintiffs on IRS Form 1099, as required by law.

(b)    Defendant will deliver these payments to Plaintiffs' attorney, Kera L. Paoff, Esq., within thirty (30) days after Plaintiffs deliver to counsel for Defendant a fully signed copy of this Agreement and signed IRS Form W-9s for themselves and their attorney.

(c)    Plaintiffs acknowledge and agree that the above-referenced payments represent valuable consideration that Defendant is not otherwise obligated to provide them. Plaintiffs also acknowledge and agree that they are solely responsible for all tax obligations, if any, including but not limited to all reporting and payment obligations, which may arise as a consequence of this settlement, with the sole exception of any employer-share taxes which Defendant shall be responsible for reporting and paying.

## 4.    Dismissal of Civil Action and Pursuit of Released Claims

Within five (5) business days of the date on which this Agreement has been fully executed by all Parties, Plaintiffs agree and promise that they shall consent to the filing with the United States District Court for the Southern District of West Virginia a Joint Motion For Approval of Settlement Agreement and for Order of Dismissal with Prejudice, a Memorandum in Support thereof, and a Proposed Order (in the form as attached hereto as "Appendix A"), requesting the Court approve this Agreement and requesting that the Civil Action be dismissed, in its entirety, with prejudice, and that each party shall be responsible for their respective fees and costs.

If for any reason the Court should deny the above-referenced Joint Motion, Plaintiffs agree that if requested by Defendant, the Parties shall file a Stipulation of Dismissal (in a form approved by counsel for Defendant) with the United States District Court for the Southern District of West Virginia dismissing the Civil Action in its entirety, with prejudice, and specifying that each party shall be responsible for their own fees and costs. Plaintiffs further promise, to the fullest extent permitted by law, to withdraw any other complaints, charges, or other actions Plaintiffs have filed with any Court or agency relating to Plaintiffs' employment with Defendant, and never to file or prosecute a lawsuit or file a complaint based on the Civil Action and/or the claims released by this Agreement.

5.   **Complete Release of All Claims, Known or Unknown**

(a)   As a material inducement for Defendant to enter into this Agreement, Plaintiffs, on behalf of themselves and their heirs, estates, executors, administrators, assigns, transferees, and representatives, hereby release and forever discharge the Releasees from any and all claims, causes of actions, demands, debts, obligations, damages, or liability of any nature whatsoever, known or unknown, which concern or relate in any way to any acts or omissions done or occurring prior to and including the effective date of this Agreement, including but not limited to any claims arising from their employment, or the termination of their employment, with Releasees. The claims and causes of action released by Plaintiffs under this Agreement include, but are not limited to, claims arising under any federal, state or local statutes, regulations or ordinances, specifically including but not limited to the FLSA, the West Virginia Wage Payment and Collection Act ("WVWPCA"), or any other federal, state, or local laws or regulations that in any way relate to the payment of individuals, including any wage and hour claims and retaliation claims related thereto, as well as any common law claims, including but not limited to those alleging wrongful discharge and/or personal injury, and/or claims for attorneys' fees, expenses or costs.

(b)   Plaintiffs agree to release and discharge Releasees not only from any and all claims which Plaintiffs could make on their own behalf, but they also specifically waive any right to become, and promise not to become, a member of any class in any proceeding or case in which a claim or claims against Releasees may arise, in whole or in part, from any event which occurred as of the date of this Agreement. Plaintiffs agree to pay for any reasonable legal fees or costs, as approved by any Court or other adjudicative entity, incurred by Releasees as a result of any breach of their promises in this Paragraph 5.

(c)   Notwithstanding any language to the contrary, Plaintiffs do not release claims that by law cannot be released by private agreement. Nothing in this Agreement precludes Plaintiffs from: (i) filing a charge or complaint with any governmental agency or from participating or cooperating in any such matters; provided however, that Plaintiffs waive any right to any monetary or other recovery should any governmental agency or other third party pursue any claims on Plaintiffs' behalf, either individually, or as part of any collective action; or (ii) filing an action in court for claims that may arise after the date this Agreement is signed by Plaintiffs.

(d)   Except to enforce the provisions of this Agreement, should Plaintiffs bring any claim, action, or suit on any matter covered by the releases set forth in this Paragraph 5(a), against any Releasee, this Agreement may be asserted as a complete defense, and if that Releasee prevails, Plaintiffs shall be responsible for paying the reasonable attorneys' fees and costs, as approved by any Court or other adjudicative entity, that the Releasee in question incurs in opposing such claim, in addition to any other relief to which such Releasee may be entitled.

6.   **Warranties**

Plaintiffs warrant that they have no known workplace injuries other than those they have already reported as of the date of their signature on this Agreement and that they have been paid and/or have received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which they may be entitled and that no other leave (paid or unpaid), compensation, wages,

bonuses, commissions, and/or benefits are due to them, except as provided in Paragraph 3.

### 7. Knowing and Voluntary Waiver

By executing this Agreement, Plaintiffs knowingly and voluntarily waive any and all claims under the West Virginia Human Rights Act (WVHRA) and further agree with respect to the WVHRA that:

(a) Plaintiffs have carefully read and fully understand all of the provisions of this Agreement, which is written in a manner that Plaintiffs clearly understand;

(b) This waiver specifically releases rights and claims arising under the WVHRA and Age Discrimination in Employment Act ("ADEA");

(c) Plaintiffs knowingly and voluntarily agree to all of the terms in this Agreement and intend to be legally bound by this Agreement;

(d) Plaintiffs are, through this Agreement, releasing Releasees from any and all claims Plaintiffs may have against them arising before the execution of this Agreement;

(e) Plaintiffs understand that this release does not extend to claims that may arise after the date this Agreement is signed;

(f) Plaintiffs have been given additional consideration, over and above that to which they are otherwise entitled, in exchange for their waiver of WVHRA and ADEA rights and claims;

(g) Plaintiffs are advised to consult with an attorney, have been provided the toll-free number of the West Virginia State Bar Association (1-866-989-8227), and have in fact consulted with an attorney, before executing this Agreement;

(h) Plaintiffs acknowledge that Defendant provided them with a period of twenty-one (21) days within which to decide whether to accept the Consideration set forth in Paragraph 3, and in return, provide Defendant with a release of all claims; no one coerced, threatened, or otherwise pressured or hurried Plaintiffs to execute this Agreement prior to the expiration of the twenty-one (21)-day period;

(i) Plaintiffs shall have seven (7) days from the date they accept and sign this Agreement within which to revoke their acceptance of this Agreement. To be effective, such revocation must be made in writing and delivered to Richard M. Wallace, Littler Mendelson, P.C., 707 Virginia Street East, Suite 1010, Charleston, West Virginia 25301, on or before the seventh (7th) day after they sign it. If any Plaintiff revokes this Agreement, it shall not be effective or enforceable and the Plaintiffs shall not receive the payments set forth in Paragraph 3.

### 8. Confidentiality

(a) Plaintiffs agree that with the exception of the pleadings referenced in Paragraph 4 of this Agreement, the terms of this Agreement shall be kept **STRICTLY AND COMPLETELY CONFIDENTIAL**. Plaintiffs shall under no circumstances disclose the fact, nature, amount, or terms

of this Agreement, the discussions leading to this Agreement, or any undertakings required by this Agreement, without the prior written consent of Defendant. Additionally, Plaintiffs represent and warrant that, up to the date they have signed this Agreement, they have not disclosed to anyone other than their attorneys, tax advisors and/or immediate family members any of the negotiations (including but not limited to payment amounts) leading to this Agreement.

(b) This Paragraph shall not prohibit Plaintiffs from (i) disclosing the existence and terms of this Agreement as required by court order, (ii) disclosing the existence and terms of this Agreement to immediate family members and/or such professional legal and tax advisors as Plaintiffs may from time to time engage, and/or government officials or judicial officers for income or tax-reporting purposes in the event Plaintiffs are professionally advised to do so; or (iii) stating in response to any other inquiry that: "The matter has been resolved and the terms of the resolution are confidential." To the extent that Plaintiffs do disclose the existence or terms of this Agreement to persons identified in this Paragraph 8(b)(ii), Plaintiffs shall advise said persons that they must not disclose the existence and terms of this Agreement, and they shall be responsible for any breach of this Paragraph by those to whom they have made such disclosure.

(c) Plaintiffs further agree and represent that, in the event they break the promises made in this Paragraph 8 of this Agreement, the Parties acknowledge the calculation of the harm done to the Defendant and the resulting damages would be extremely difficult to determine. The Parties agree that the Defendant shall be entitled (in addition to any other remedy to which they may be entitled, pursuant to this Agreement, at law or in equity) to an injunction or injunctions to redress breaches of this Agreement and to specifically enforce the terms and provisions hereof. Plaintiffs further agree that they shall indemnify the Defendant for any actual and proven damages caused by Plaintiffs' failure to comply with the promises made in this Paragraph.

(d) Plaintiffs agree that they will notify Defendant in writing as soon as reasonably practical or, at the latest, within five (5) calendar days of the receipt of any subpoena, court order, administrative order or other legal process requiring disclosure of information subject to this Paragraph 8 of this Agreement.

### 9. Non-Disparagement/Neutral Reference

(a) Plaintiffs agree to make no negative, derogatory or disparaging comments about Releasees, or their products, services, business practices and philosophies. Notwithstanding the foregoing, this provision does not prohibit Plaintiffs from engaging in lawfully protected activity pursuant to Section 7 of the National Labor Relations Act.

(b) In response to any request for reference, Defendant agrees to provide only Plaintiffs' dates of employment and position(s) held. Plaintiffs agree to direct any such inquiries to Defendant's human resources department.

### 10. No Re-Employment

Plaintiffs agree and recognize that their employment relationship with Defendant has been permanently and irrevocably severed. Plaintiffs forever waive any and all claim or right to reinstatement or future employment with Releasees. Plaintiffs agree that they shall not at any time seek or accept future employment with Releasees. A breach of this Paragraph by Plaintiffs shall

constitute lawful and just cause for Releasees to refuse to employ Plaintiffs or to terminate them if already employed, and Plaintiffs shall have no cause of action for such refusal or termination.

**11.    Amendment**

This Agreement may not be modified, altered or changed except upon express written consent of all Parties.

**12.    Governing Law and Forum**

This Agreement will be governed by and performed in accordance with the laws of the State of West Virginia without regard to its conflicts of laws provisions.

**13.    Severability**

Should any provision of this Agreement, with the exception of the Releases embodied in Paragraph 5, be declared or determined by any Court or other tribunal of appropriate jurisdiction to be invalid or unenforceable, any such invalid or unenforceable provision shall be deemed stricken and severed from this Agreement and any and all of the other terms of the Agreement shall remain in full force and effect to the fullest extent permitted by law. The releases embodied in Paragraph 5 are the essence of this Agreement and should any release be deemed invalid or unenforceable, this Agreement may be declared null and void and any consideration received under this Agreement shall be returned to Defendant.

**14.    Entire Agreement; No Representations**

This Agreement sets forth the entire agreement between the parties, and it cancels and supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter of this Agreement. This is an integrated document. Plaintiffs represent and agree that they have thoroughly discussed all aspects of this Agreement with their attorney, that they have carefully read and fully understand all of the provisions of this Agreement, that they are voluntarily entering into this Agreement, and that they do not and have not relied in any way on any representations or statements of any of the Releasees or their attorneys not contained in this Agreement.

**15.    No Attorneys' Fees or Costs**

Plaintiffs acknowledge and agree that, except for the payment set forth in Paragraph 3(a) of this Agreement, Defendant shall not be required to pay Plaintiffs any attorneys' fees or costs of any kind incurred in connection with the Civil Action or in connection with any representation of Plaintiffs by Widman & Franklin, LLC, or any other attorney, in this matter or in any other matter or generally.

**16.    Copies Effective as Originals**

This Agreement may be executed in counterparts and each counterpart, when executed, will have the efficacy of an original. Photographic or faxed copies of signed counterparts may be used in lieu of the original for any purpose.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

_____
ERIC FAUBEL

02/21/18
Date

_____
DEVEON SMITH

_____
Date

_____
TRINITY UPPOLE

_____
Date

GROGG'S HEATING & AIR CONDITIONING, INC.

By: _Timothy S. Harlow_

Print Name: Timothy S. Harlow

Title: CO-OWNER

3-1-18
Date

2018-02-13 09:31     The Storing Place 17403155718 >>                    P 8/9
Case 2:17-cv-02410   Document 31-1   Filed 03/01/18   Page 8 of 9 PageID #: 325

7

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

|  | GROGG'S HEATING & AIR CONDITIONING, INC. |
|---|---|
| _____ <br> ERIC FAUBEL | By: _____ |
| _____ <br> Date | Print Name: _____ |
| *Deveon Smith* <br> DEVEON SMITH | Title: _____ |
| 2/13/18 <br> Date | _____ <br> Date |
| _____ <br> TRINITY UPPOLE |  |
| _____ <br> Date |  |

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

GROGG'S HEATING & AIR CONDITIONING, INC.

_____
ERIC FAUBEL

By: _____

_____
Date

Print Name: _____

_____
DEVEON SMITH

Title: _____

_____
Date

_____
Date

*Trinity Uppole* (signature)
TRINITY UPPOLE

02/15/18
Date