```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

ERIC FAUBEL, DEVEON SMITH, and
TRINITY UPPOLE, individually and
on behalf of all other similarly
situated individuals,

       Plaintiffs,

v.                                        Civil Action No. 2:17-cv-02410

GROGG'S HEATING & AIR
CONDITIONING, INC.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is the parties' joint motion, filed March 1, 2018, for approval of a settlement agreement and for dismissal of this action with prejudice.

I.

The plaintiffs initiated this action in this court on April 19, 2017, charging defendant Grogg's Heating & Air Conditioning, Inc. ("GHAC"), with alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. The plaintiffs, former employees of GHAC, claimed that GHAC owed them and all other similarly situated individuals back wages for unpaid meal breaks.

On October 2, 2017, the plaintiffs filed a motion for conditional certification as a collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).  At a hearing held before the court on November 29, 2017, and as reflected in the court's subsequent order of December 4, 2017, the court expressed its hesitance to conditionally certify a collective action under the facts presented.  In particular, GHAC produced evidence casting doubt on (1) the possibility that any similarly situated individuals existed and (2) the viability of the named plaintiffs' claims as a general matter.  Thus, the court "direct[ed] . . . the parties . . . to identify and depose two current or former employees of [GHAC], other than named Plaintiffs, who would fall within the class definition if the class were conditionally certified."  (ECF #27 1-2.)

Instead, on February 6, 2018, the parties filed a notice of settlement in principle, and the court continued the issue of conditional certification.  The parties later filed the pending motion, seeking approval of a settlement that would dismiss with prejudice each of the named plaintiffs' individual claims.  Attached to the motion is the proposed settlement agreement, signed by each party individually.

II.

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." Genesis HealthCare Corp. v. Symczyk, 569 U.S. 66, 69 (2013). Doing so would thwart the purpose of the Act, which is "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981) (alteration in original) (quoting 42 U.S.C. § 202(a)). Consequently, FLSA claims for back wages can be settled in only two ways, only one of which is relevant here: "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946), and Jarrard v. Southeastern Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947)).

Because the Fourth Circuit has not yet had the occasion to endorse a standard for approving FLSA settlements,

3

"district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in Lynn's Food Stores." Kim v. Confidential Studio Inc., No. PWG-15-410, 2017 U.S. Dist. LEXIS 133002, at *4 (D. Md. Aug. 21, 2017) (citing cases). As succinctly stated by the district court in Confidential Studio,

> [t]he settlement must "reflect[] a fair and reasonable resolution of a bona fide dispute over FLSA provisions," which includes findings with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from [Federal Rule of Civil Procedure] 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement.

Id. (second alteration in original) (citing cases and quoting Lynn's Food Stores, 679 F.2d at 1355).

Before delving into the three requirements for settlement approval, the court pauses briefly to discuss the effect that a settlement by named plaintiffs of a proposed FLSA collective action has on potential opt-in plaintiffs. The Fourth Circuit has explained the following:

> 29 U.S.C. § 216(b) provides that an FLSA action for overtime compensation "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Id. However, unlike in a class action filed pursuant to Federal Rule of Civil Procedure 23 . . . , in a collective action under the FLSA, a named plaintiff represents only himself until a similarly-situated employee opts in as a "party plaintiff" by giving "his consent in writing

4

> to become such a party and such consent is filed in
> the court in which such action is brought." Id.

Simmons v. United Mortg. & Loan Inv., LLC, 734 F.3d 754, 758 (4th Cir. 2011).

These principles have led to the general consensus that an FLSA action becomes moot once the named plaintiffs settle their claims. See Sandoz v. Cingular Wireless, LLC, 553 F.3d 913, 919 (5th Cir. 2008); Cameron-Grant v. Maxim Healthcare Servs, Inc., 347 F.3d 1240, 1249 (11th Cir. 2003). In other words, because a named plaintiff "lack[s] any personal interest in representing [potential opt-in plaintiffs]," Genesis HealthCare, 569 U.S. at 73, a named plaintiff can settle his FLSA action without regard to, and without impacting the rights of, potential opt-in plaintiffs who otherwise fall under the definition of the proposed collective action.

Accordingly, while not an issue addressed by the parties here, the court finds that it may proceed with the analysis of the parties' proposed settlement agreement. The collective action has not been conditionally certified, and the proposed agreement does not purport to settle the claims of potential opt-in plaintiffs. Compare Leigh v. Bottling Grp., LLC, No. DKC 10-0218, 2011 U.S. Dist. LEXIS 33147, at *4-14 (D. Md. Mar. 29, 2011) (analyzing cases and concluding that, "[t]o the extent that the parties wish to proceed with settlement of

the collective action" rather than only their individual actions, the proposed settlement agreement should be denied and the case should proceed with a settlement procedure similar to that of a Rule 23 class action).

The court now turns to the three requirements for approving the settlement of an FLSA claim for back wages. After consideration of the agreement submitted by the parties, the court concludes that the settlement may be approved as written, subject to one condition. While the agreement satisfies the three requirements, the agreement contains a confidentiality provision that is inconsistent with FLSA jurisprudence and is unenforceable, as explained below. The parties may, however, salvage the agreement if they file a joint stipulation within fourteen days of the entry of this order agreeing to strike the confidentiality provision. The court will approve the agreement at that time.

First, the FLSA issues here are actually in dispute. Simply put, the plaintiffs allege that they are owed back wages; GHAC disagrees. To be sure, the proposed settlement agreement states that GHAC denies liability for the plaintiffs' claims. (ECF #31, Ex. 1 Recitals.)

Second, the relevant factors from Rule 23's assessment for fairness and reasonableness are satisfied. Those factors are as follows:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

Confidential Studio, 2017 U.S. Dist. LEXIS 133002, at *5-6 (alterations in original) (quoting Saman v. LBDP, Inc., No. DKC 12-1083, 2013 U.S. Dist. LEXIS 83414, at *3 (D. Md. June 13, 2013)).

Discovery in this matter has closed, and the parties filed the proposed settlement agreement three months before trial. Counsel for the parties, who are experienced and who have competently pursued this action, are of the opinion that the proposed settlement is "fair, just and reasonable." (ECF #31 at 2.) There is no evidence that their conclusion was reached through fraud or collusion. Additionally, based upon counsels' opinions on the probability of success on the merits measured against the risks and costs of continued litigation, the settlement amount is reasonable.

Third, the award of attorneys' fees is reasonable. As this court has explained,

> the FLSA contemplates that "the wronged employee should receive his full wages . . . without incurring any expense for legal fees or costs." Maddrix v. Dize, 153 F.2d 274, 275-76 (4th Cir. 1946). Therefore, the reviewing court must assess the reasonableness of the attorney's fees to be awarded "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) (unpublished opinion); see also Poulin v. Gen. Dynamic Shared Res., Inc., 3:09-cv-00058, 2010 U.S. Dist. LEXIS 47511, at *3-4 (W.D. Va. May 5, 2010).

Bryant v. Lab. Corp. of Am. Holdings, No. 2:11-cv-00604, 2012 U.S. Dist. LEXIS 101713, at *3-4 (S.D. W. Va. July 23, 2012). Counsel for the plaintiffs will receive $2,450, which represents 45% of the total settlement amount. Although the percentage is unusually high, the peculiarities of this case suggest that the award should nevertheless stand. Indeed, in view of the preparation of the complaint, the attendance at the conditional class certification hearing, and the amount of discovery undertaken, it is apparent that the fee is nevertheless a modest one.

Plaintiffs' counsel vigorously pursued the claims of each of the three plaintiffs and fully briefed a motion for conditional certification of a collective action. Importantly, each of the named plaintiffs filed sworn declarations that

underscored the purported strength of not only their individual claims, but the claims of the collective action as a whole. Plaintiffs' counsel doubtlessly prepared for a protracted and relatively complex case. As it turned out, however, the documentation produced by GHAC at the November 29, 2017, hearing cast substantial doubt on whether other potential plaintiffs existed, as well as whether the named plaintiffs possessed viable claims at all. Indeed, one of the three plaintiffs receives a mere $50 under the agreement, which appears indicative of the limited strength of the underlying claims. In light of these factors, the court finds that counsel for the plaintiffs will be reasonably compensated and that the amounts recovered by the named plaintiffs are not tainted by a conflict of interest.

As earlier noted, despite satisfying the three requirements for approving the settlement of an FLSA claim for back wages, the court nonetheless cannot approve of the agreement presented here. This court's sister district has explained that FLSA settlements should be subject to public scrutiny to "assur[e] that employees' wages are fair and thus do not endanger the national health and well-being." Harvey v. Ranson Golden Horseshoe, Inc., No. 3:15-CV-58, 2016 U.S. Dist. LEXIS 64124, at *6 (N.D. W. Va. May 16, 2016) (internal

quotation marks omitted) (quoting Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 645 (S.D.N.Y. 2011)). The proposed agreement contains a confidentiality provision that runs afoul of the public's interest. See id.; Bryant, 2012 U.S. Dist. LEXIS 101713, at *3. Additionally, the court notes that the proposed agreement is currently spread upon the public record, contradicting its own terms. Harvey, 2016 U.S. Dist. LEXIS 64124, at *5-6; Bryant, 2012 U.S. Dist. LEXIS 101713, at *3. Accordingly, as explained above, the parties have fourteen days from the entry of this order to jointly stipulate to strike the confidentiality provision. Because the remainder of the agreement satisfies the requirements for approval, the court will approve the agreement at that time.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and to any unrepresented parties.

ENTER: May 22, 2018

John T. Copenhaver, Jr.
United States District Judge